UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **ELDER MARK ANTHONY,** )<br>)<br>**Petitioner,** )<br>)<br>v. )<br>)<br>**STATE OF TENNESSEE,** )<br>)<br>**Respondent.** ) | **No. 3:07-0800**<br>**Judge Echols** |

## O R D E R

Before the Court is a petition for a federal writ of *habeas corpus*. (Docket Entry No. 1). The petitioner is a resident of Old Hickory, Tennessee.

The district court is required to conduct a preliminary review of actions seeking a federal writ of *habeas corpus* to determine whether it "plainly appears" that the petitioner is not entitled to relief. Rule 4, Rules – Section 2254 Cases; Rule 4(b), Rules – Section 2255 Proceedings.[1] If it is determined on preliminary review that the petitioner is not entitled to federal *habeas corpus* relief, then the district court is required to dismiss the case. *Id*.

The federal writ of *habeas corpus* extends to those in custody pursuant to an order, process, judgment, or decree of a state or federal court. *See* 28 U.S.C. §§ 2241(c); 2254(a); 2255. The petitioner is not incarcerated, nor is he on probation pursuant to any such action by a state or federal court. Rather, the petitioner's claim is that he has been:

> illegally restrained of liberties protected by Amendment I of [the] United States Constitution, *free exercise of religion, freedom of speech*; and Article 1, Sec. 3, of the Tennessee State Constitution, (*"Interfere or Control Rights of Conscience"*), by the Circuit Court of Wilson County, Tennessee, at Lebanon, Judge Clara Byrd, presiding; and Attorney J. Jill Qualls #21271, of the Law Offices [of] Cheatham, Palermo & Garrett, of 43 Music Square, West, Nashville,

---

[1] This rule also applies to requests for *habeas corpus* relief brought under 28 U.S.C. § 2241. Rule 1(b), Rules – § 2254 Cases.

Tennessee 37212; (615) 244-4270, counsel for the plaintiff['s] soul
mate in Civil Action 5328DVC . . . .

(Docket Entry No. 1, Complaint, ¶ 2, p. 1)(emphasis in the original). Those named above allegedly have "acted with reckless application of legal privilege . . . enjoining him f[ro]m freely communicating with his soul mate . . . ." (Docket Entry No. 1, Attach. Affidavit, ¶ 2, p. 3) .

The petitioner's allegations stem from divorce proceedings from his "Soul Mate, Sister Robyn M. Thornton." (Docket Entry No. 1, Attach. Affidavit, ¶ 7, p. 4). Although the petitioner asserts that an arrest warrant was issued against him on February 22, 2007 during the course of the divorce proceedings (Docket Entry No. 1, Petition, ¶ 3, p. 2), he also avers that the warrant was dismissed. (Docket Entry No. 1, Attach. Affidavit, ¶ 5, p. 4).

The petitioner's claim does not sound in federal *habeas corpus*. Moreover, because the petitioner's claim lacks an arguable basis in law or fact, it is frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, the petitioner's request for a writ of *habeas corpus* is **DENIED** and this action is **DISMISSED**. Rule 4, Rules – Section 2254 Cases; Rule 4 – Section 2255 Proceedings.

Entry of this Order shall constitute the judgment in this action.

It is so **ORDERED.**

Robert L. Echols
United States District Judge

2